**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000143
12-AUG-2011
08:59 AM**

NO. CAAP-11-0000143

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
WILLIAM RAMSEY, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 94-0037(3))

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Upon review of the record, it appears that we lack jurisdiction over Defendant-Appellant William Ramsey's (Appellant) appeal from the Honorable Joseph B. Cardoza's February 18, 2011 "Order Denying Defendant's Motion to Seek Relief from Sex Offender Requirements" (the February 18, 2011 order), because the circuit court has not yet reduced the February 18, 2011 order to a separate judgment, as is required when a registered sex offender asserts an appeal from a circuit court's decision to deny the registered sex offender's request for relief from the sex offender registration requirements pursuant to Hawaii Revised Statutes (HRS) § 846E-2(b) (Supp. 2010) or HRS § 846E-3(d) (Supp. 2010) under HRS § 91-15 (Supp.

2010), HRS § 641-1(a) (1993 & Supp. 2010), Rule 72(k) of the Hawaii Rules of Civil Procedure (HRCP), and the holdings in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 869 P.2d 1334 (1994), and Raquinio v. Nakanelua, 77 Hawai'i 499, 500, 889 P.2d 76, 77 (App. 1995).

"In a circuit court criminal case, a defendant may appeal from the judgment of the circuit court, see HRS § 641-11 (1993), from a certified interlocutory order, see HRS § 641-17 (1993), or from an interlocutory order denying a motion to dismiss based on double jeopardy." State v. Kealaiki, 95 Hawai'i 309, 312, 22 P.3d 588, 591 (2001) (citation omitted). None of these three types of appeals applies to the appeal from the proceeding at issue in the instant case, because Appellant sought relief from the sex offender registration requirements pursuant to HRS Chapter 846E, which was a civil proceeding rather than a criminal proceeding. See, e.g., HRS § 846E-2(a) (Supp. 2010); HRS § 846E-3(d); HRS § 846E-10(e) (Supp. 2010).

When the Hawai'i Attorney General denies a registered sex offender's request for relief from the sex offender registration requirements pursuant to HRS Chapter 846E, "the covered offender may appeal the decision pursuant to [HRS] chapter 91." HRS § 846E-2(b) (Supp. 2010); HRS § 846E-3(d). In turn, HRS Chapter 91 provides that the "proceedings for review shall be instituted in the circuit court . . . except where a statute provides for a direct appeal to the intermediate appellate court[.]" HRS § 91-14 (1993 (Supp. 2010). After the initial appeal to the circuit court, "[r]eview of any final

judgment of the circuit court under this chapter shall be governed by [HRS] chapter 602." HRS § 91-15 (1993).

The intermediate court of appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (Supp. 2010). The law provides that "[a]ppeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit . . . courts[.]" HRS § 641-1(a) (1993 & Supp. 2010). Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c) (1993 & Supp. 2010).

HRCP Rule 72(k)[1] requires that, upon a circuit court's determination of an administrative appeal, "the court having jurisdiction shall enter judgment[.]" HRCP Rule 72(k). Therefore, the separate document rule under the holding in Jenkins, 76 Hawai'i 115, 869 P.2d 1334, applies to an administrative appeal before a circuit court. See, e.g., Raquinio v. Nakanelua, 77 Hawai'i at 500, 889 P.2d at 77 ("We conclude . . . that the requirements for appealability set forth in Jenkins apply to appeals from circuit court orders deciding appeals from orders entered by the Director of Labor and Industrial Relations."). Under the separate judgment document rule, "[a]n appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor

---

[1] Rule 81(e) of the Hawai'i Rules of Civil Procedure requires that the Hawai'i Rules of Civil Procedure "shall apply to any proceedings in a circuit court pursuant to appeal to the circuit court from a governmental official or body (other than a court), except as otherwise provided in Rule 72."

of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338.

The circuit court has not reduced the February 8, 2011 order denying Appellant's December 8, 2010 motion to seek relief from the sex offender registration requirements in HRS Chapter 846E to a separate judgment as HRCP Rule 72(k) requires. Absent an appealable judgment, Appellant's appeal is premature, and we lack jurisdiction over appellate court case number CAAP-11-0000143. Therefore,

IT IS HEREBY ORDERED that Appeal No. CAAP-11-0000143 is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawai'i, August 12, 2011.

Chief Judge

Associate Judge

Associate Judge

-4-